STATE OF VERMONT

ENVIRONMENTAL COURT

| | | |
|---|---|---|
| In re: Appeal of Nicholas A. Gulli | } | Docket No. 135-6-00 Vtec |
| | } | |
| | } | Docket No. 185-8-00 Vtec |
| In re: Appeal of George Dunnett | } | |
| | } | |
| In re:  Appeal of Gulli, et al. | } | Docket No. 4-1-01 Vtec |
| | } | |
| Appeal of Dunnett, et al. | } | Docket No. 5-1-01 Vtec |
| | } | |
| | } | |

Decision and Order on Pending Motions

In Docket No. 135-6-00 Vtec, Appellant Nicholas A. Gulli appealed from the April 21, 2000 decision of the Development Review Board (DRB) of the Town of Ludlow regarding approval of Phase I of Applicant Okemo Mountain, Inc.' s Jackson Gore Project. Applicant filed a cross-appeal, and moved to dismiss this appeal as premature. That motion was denied after the underlying decision became final and the appeal had ripened into a timely appeal. It was consolidated with Docket No. 185-8-00 Vtec, in which Appellant George Dunnett had appealed from the decision of the DRB as issued on August 8, 2000 after reconsideration. Applicant has now moved to dismiss both these appeals for lack of standing on the part of each Appellant, respectively.

In Docket No. 4-1-01 Vtec, Appellant Nicholas A. Gulli and a group of 15 other Ludlow residents filed an appeal on December 12, 2000 from what they characterized as a decision of the DRB " rendered on or about November 27, 2000, granting Subdivision Plan Approval and modification of the zoning regulations" to Applicant Okemo Mountain, Inc.' s Phase I Jackson Gore Project. The group members all signed the appeal and designated Mr. Gulli as their spokesperson; we will refer to them as " the Gulli group" for the purposes of this decision.

In Docket No. 5-1-01 Vtec, Appellant George Dunnett and a group of 10 other Ludlow residents filed an appeal on December 22, 2000 from what they characterized as " the November 27, 2000 decision" of the DRB granting approval of Applicant Okemo Mountain, Inc.' s Jackson Gore Project " Final Parcel Map." The group members all signed the appeal and designated Mr. Dunnett as their spokesperson; we will refer to them as " the Dunnett group" for the purposes of this decision.

Applicant did not file a cross-appeal in either Docket No. 4-1-01 or 5-1-01 Vtec. Rather, Applicant moved to dismiss these appeals on the basis that they are untimely as if they are intended as appeals[1] of any conditions established in the August 8, 2000 decision.

Appellants represent themselves; Applicant is represented by Lawrence G. Slason, Esq.; the Town is represented by J. Christopher Callahan, Esq.

Phase I of Applicant's Jackson Gore Project is a mixed use recreational development, involving skiing and snowboarding facilities, and a Planned Unit Development (PUD) of 120 acres, including a 117-unit condominium hotel, associated commercial facilities, parking and infrastructure. Applicant submitted a consolidated application to the DRB requesting site plan approval, conditional use approval, PUD approval and subdivision approval of the Phase I Jackson Gore Project, which was given the identifying number 152-00-PUD.

Hearings were held[2] in January, 2000. On April 21, 2000, the DRB approved the application with conditions. On May 16, 2000, Applicant moved the DRB to reconsider and alter the decision under DRB Rule 1. On May 19, 2000 Appellant Gulli filed the appeal given Docket No. 135-6-00 Vtec. In connection with the reconsideration proceeding, another DRB hearing was held in July, 2000, and the DRB issued its amended or revised decision on August 8, 2000. On August 14, 2000 Appellant Dunnett filed the appeal given Docket No. 185-8-00 Vtec.

The August 8, 2000 DRB decision required Applicant to submit for DRB approval a " Final Parcel Map" showing the area to be delineated as open space, and showing the location of walking trails, cross-country ski trails, bike paths and picnic areas within the land designated as open space, with access directly from the so-called " day use" parking lots. Applicant submitted a " Final Parcel Map" dated October 4, 2000; the DRB took action to approve this map on November 27 or 30, 2000.

Applicant's motions to dismiss the first two appeals for lack of standing

The test for standing of individuals under 24 V.S.A. § 4464(b)(3) is as owners or occupiers of property in " the immediate neighborhood" of the property subject to the application. We look to how close the property is to the proposed project and whether the appellant may be affected specifically by any aspect of the project regulated by zoning. See, e.g., In re Appeal of Brodhead, Docket No. E95-057 (Vt. Envtl. Ct., Aug. 3, 1995). This category of standing is distinguished from that available to a group of ten or more citizens from any location in the town. 24 V.S.A. § 4464(b)(4).

The project property is located on Route 103 approximately two miles northwest of the center of the Village area of Ludlow. Mr. Gulli's parcels of land are located on Route 100 and on Rod & Gun Club Road to the north of the intersection of Route 100 and Route 103. The closest Gulli parcel (on Rod & Gun Club Road) is approximately .7-mile as the crow flies, and over a mile by road from the project property. Mr. Dunnett's parcels of land are located approximately 1.8 miles southeast of the project property, on Pond Street and West Hill Road in the Village. The project property is not visible from any of the property of either of the Appellants. It is separated from the closest Gulli parcel by Route 103, several large parcels of property, and Rod & Gun Club Road. It is separated from the closest Dunnett parcel by many small parcels lining the westerly side of Route 103, a major area road.

Both Appellants have stated the reasons why this appeal is important in their view to the citizens of Ludlow. They have detailed the procedural and other deficiencies of the DRB process that they seek to correct, and have shown how, in their view, the proposed project will affect its immediate neighborhood. The Court appreciates their concern for the zoning and subdivision process in the Town of Ludlow. However, they have not shown that they will be affected by the project other than generally as citizens of Ludlow, and therefore have not shown that they are in the immediate neighborhood of it. Accordingly, Applicant's Motions to Dismiss the first two appeals are GRANTED.

Applicant's motions to dismiss the second two appeals as untimely

The second two appeals are timely filed from the November 27 or 30, 2000 action of the DRB approving the Final Site Plan, and the two Appellant Groups appear to have standing under 24 V.S.A. § 4464(b)(4). Any decision of the DRB may be appealed under 24 V.S.A. § 4471(a). Accordingly, Applicant's Motions to Dismiss Docket Nos. 4-1-01 Vtec and 5-1-01 Vtec are DENIED, and these two appeals are hereby CONSOLIDATED. They are not formally consolidated with Applicant's remaining cross-appeal in Docket No 135-6-00 Vtec, but the three matters will be scheduled together as they are so closely related.

However, we must note for the parties' guidance that these appeals do not reopen any of the issues in the August 2000 permit decision, no matter how important they may have been. The scope of these appeals is limited by the scope of the November 2000 decision appealed from, that is, the decision of the DRB approving the Final Site Plan and determining whether that site plan is consistent with the August 2000 permit approvals. Any motions to dismiss any of the questions in either Appellant Group's Statement of Questions, and any motions to amend those statements of questions, should be filed so that they are received by the Court and the other parties on or before April 5, 2001.

Appellant Gulli's motion to hear the appeals de novo

The Selectboard created the DRB and resolved that it should " abide by" the provisions of the Municipal Administrative Procedure Act. For the application on appeal to this Court in the present cases, it had the proceedings recorded on audio tape and its chair ruled at the initial hearing that the proceedings would be on the record. Accordingly, the present appeals are on the record unless any party can show some deficiency in the capability of creating a record from the tapes and the documents filed with the DRB. At the conference, Applicant should be prepared to state whether any portion of the tapes needs to be transcribed, and to propose a schedule for the filing of briefs in the remaining appeal. With regard to the November 2000 decision, Appellant Groups should be prepared to state the same.

Based on the foregoing, Okemo Mountain, Inc.'s Motion to Dismiss Appellant Gulli's first appeal: Docket No. 135-6-00 Vtec, and Appellant Dunnett's first appeal: Docket No. 185-8-00 Vtec, is GRANTED. Docket No. 185-8-00 Vtec is therefore dismissed altogether, and the only matter remaining in Docket No. 135-6-00 Vtec is Applicant's cross-appeal. The caption of Docket No. 135-6-00 Vtec is hereby amended to: " In re Appeal of Okemo Mountain, Inc." Although Appellants did not have standing under 24 V.S.A. § 4464(b) to bring their appeals,

they may apply under V.R.C.P. 24 to intervene to participate in Applicant's cross-appeal, by filing a motion to intervene so that it is received by the Court and the other parties on or before April 5, 2001. The Court will rule on any motions to intervene after the time has expired for any responses to such motions.

Okemo Mountain, Inc.'s Motions to Dismiss the Gulli group's appeal: Docket No. 4-1-01 Vtec, and the Dunnett group's appeal: Docket No. 5-1-01 Vtec, are DENIED and those two docket numbers are CONSOLIDATED. Any motions regarding the Statements of Questions in these appeals shall be filed so that they are received by the Court and by the other parties on or before April 5, 2001. We will hold a telephone conference on April 6, 2001 at 12:30 p.m., and request that Mr. Gulli and Mr. Dunnett participate from a single telephone number equipped with a speaker-phone or multiple extensions, and to provide that number to the Court on or before April 5, 2001.

As an appeal on the record, the issues in this matter may be presented entirely through written memoranda, with or without oral argument. Therefore, the parties should be prepared to state at the conference whether they will be requesting any oral argument, as time may be available to set such oral argument on May 8, 2001 in White River Junction.

Based on the limitations on the appeal after the present ruling, Okemo Mountain, Inc.'s Motion to Designate Appeals as a Complex Action is DENIED, without prejudice to its renewal should circumstances warrant.

Please note that no filings by fax may be made without prior approval from the Clerk of the Court.

Done at Barre, Vermont, this 22nd day of March, 2001.


_____
Merideth Wright
Environmental Judge



**Footnotes**

1.     Applicant's motion was filed under the docket numbers of the existing consolidated cases, but clearly referred to the dates and parties of the newer two appeals.

2.     Mr. Gulli has also moved that the Court hear these appeals de novo rather than on the record, arguing that the procedures used at those hearings were insufficient to allow the appeals to proceed on the record.